IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| BRYAN L. ATWOOD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-1006 |
| | ) | |
| CERTAINTEED CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant CertainTeed Corporation's ("CertainTeed's" or "Defendant's") Motion for Summary Judgment. Plaintiff Bryan L. Atwood ("Atwood" or "Plaintiff") is a roofer and resident of the Commonwealth of Virginia. CertainTeed is a corporation organized and existing under the laws of the State of Delaware. On September 18, 2008, CertainTeed and Atwood entered into a Non-Disclosure Agreement ("NDA") as a preface to Atwood disclosing his Sierra Rai Concept ("Concept") to CertainTeed on October 7, 2008 ("Disclosure Date"). Atwood's Concept is a shingle with multiple strips of adhesive on both sides of the shingle. From October 7, 2008 to March 2010, Atwood and CertainTeed discussed the possibility of entering into an agreement regarding the joint development of

Atwood's Concept. In March 2010, CertainTeed informed Atwood that it was not interested in his Concept.

Atwood filed his Complaint on July 16, 2010, claiming that CertainTeed violated the Virginia Uniform Trade Secrets Act ("VUTSA") and breached the terms of the NDA by using Atwood's Concept in an Application for U.S. Patent No. 8,365,493 ("the '493 Patent") and by disclosing and using Atwood's Concept to develop, use, and sell new roofing products. Defendant CertainTeed filed a Counterclaim, seeking a Declaratory Judgment that the invention in the '493 Patent was solely invented by Robert Jenkins, a CertainTeed employee, prior to any disclosure by Atwood to CertainTeed, and that CertainTeed is the sole owner of the Patent.

The Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The burden of the moving party . . . may be discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006), (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once a motion for summary judgment is properly made, the non-moving party has the burden of showing that a material fact is in genuine dispute. See

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A material fact is one whose existence or non-existence could lead a fact-finder to a different outcome about an essential element of the claims at issue. Id. at 248. The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). If the nonmovant fails to identify specific facts that demonstrate a genuine and material issue for trial, then the Court will grant summary judgment "to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex Corp., 477 U.S. at 324-25); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Under the VUTSA, Atwood must establish that his Concept was a secret when disclosed to CertainTeed on October 7, 2008. See Trident Prods. and Servs., LLC v. Canadian Soiless Wholesale,

Ltd., 859 F. Supp. 2d 771, 778 (E.D. Va. 2012). The VUTSA defines 'secret' as:

> information, including a formula, pattern, compilation, program, data, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Va. Code § 59.1-336.

The NDA is governed by Pennsylvania law. To prove a breach of contract claim under Pennsylvania law, Atwood must demonstrate that (1) he had a contract with CertainTeed, (2) CertainTeed breached a duty imposed by that contract, and (3) Atwood has been damaged as a result of that breach. See Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d. Cir. 2003). Atwood's contract claim is premised on CertainTeed's alleged breach of the NDA. Thus, to prevail on his breach of contract claim, Atwood must first establish that he provided CertainTeed with Confidential Information. The NDA defines Confidential Information as

> trade secrets, know-how, and other confidential information relating to its businesses, including, without limitation, information regarding customers, suppliers, and business arrangements, technical and business data, know-how, processes, designs, and ideas.

Further, Atwood must prove that his Confidential Information was not subject to one of the exceptions set forth in the NDA:

> Recipient shall be under no obligation with respect to any Confidential Information of the other party that (a) is or becomes generally available to the public . . . ; [or] (b) is known to Recipient or any of its affiliates or representatives at the time of disclosure[.]"

Thus, both the VUTSA and breach of contract claims require Atwood to prove that he disclosed Confidential Information, or a protectable Trade Secret, to CertainTeed on October 7, 2008. Atwood did not provide CertainTeed with anything that was secret or confidential on October 7, 2008; thus, Atwood cannot prove either of his claims, and CertainTeed is entitled to summary judgment.

Atwood disclosed his Concept to CertainTeed's competitor, Owens Corning, on a non-confidential basis five months before disclosing his Concept to CertainTeed. Atwood's non-confidential disclosure to Owens Corning belies any claim that what he provided to CertainTeed on October 7, 2008 was secret or confidential. See Secure Servs. Tech., Inc. v. Time and Space Processing, Inc., 722 F. Supp. 1354, 1360-1 (E.D. Va. 1989) (granting summary judgment for defendant because plaintiff publically disclosed trade secrets with no confidentiality or use restrictions).

The invention in CertainTeed's '493 Patent was invented by CertainTeed employee Robert L. Jenkins ("Jenkins") prior to the Disclosure Date. On June 10, 2008, Jenkins prepared Invention Notes describing his invention for a weather resistant shingle system, including multiple adhesive points on both sides of the shingle. Jenkins had no knowledge of Atwood or Atwood's Concept at the time he prepared these Invention Notes. Jenkins' Invention Notes were witnessed by two CertainTeed Employees on June 11, 2008 and were not altered in any way after they were created. Jenkins' June 2008 Invention Notes were created before the Disclosure Date; thus, the invention giving rise to the '493 Patent was created and known to CertainTeed prior to the Disclosure Date. Therefore, the Concept that Atwood provided to CertainTeed on October 7, 2008 was neither secret nor confidential.

Three U.S. Patents existing prior to the Disclosure Date disclose the essential elements of Atwood's Concept. The "Corbin Patent" was published on March 25, 1969 and discloses multiple strips of adhesive on the front/upper surface of the shingle and multiple strips of adhesive on the back surface of the shingle. The "Buck Patent" was published on August 15, 1989 and discloses a shingle with multiple adhesive zones on the lower and upper surfaces of the shingle. The "Robinson Patent" was published on August 31, 1993 and discloses a shingle with multiple lines of

adhesive on the front/top and bottom/back. These prior Patents demonstrate that Atwood's Concept of having multiple adhesive points on both sides of a single was neither new nor secret.

Atwood claims that his Concept disclosed to CertainTeed on October 7, 2008 is embodied in CertainTeed's High Performance Starter Shingle. However, CertainTeed has been manufacturing and selling its High Performance Starter Shingle for at least seven years prior to the Disclosure Date. CertainTeed's prior sales of their High Performance Starter Shingle are sufficient to negate any claim that CertainTeed improperly disclosed or used Atwood's concept.

Atwood's Concept was not secret or confidential when he disclosed it to CertainTeed on October 7, 2008. Without a protectable Trade Secret, CertainTeed could not have disclosed, used, or misappropriated Atwood's Concept in violation of the VUTSA or in breach of the NDA. Therefore, summary judgment should be granted to Defendant. For the same reasons, CertainTeed is entitled to summary judgment on its Counterclaim. An appropriate order shall issue.

                                                                     /s/
                                           Claude M. Hilton
                                      United States District Judge

Alexandria, Virginia
March 5, 2014